986 F.2d 502
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Earl JASPER; Willie J. Johnson; Jimmy R. Johnson; Thomas
Terry, Plaintiffs-Appellants,
Willie BATTLES, Plaintiff,
v.
ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Defendant-Appellee.
 No. 92-2381.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 21, 1993.
Filed: January 28, 1993.
 
 Before BOWMAN, MAGILL, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Earl Jasper, Willie J. Johnson, Jimmy R. Johnson, and Thomas Terry (plaintiffs) appeal from the District Court's[1] judgment for defendant on their employment discrimination claims. We affirm.
 
 
 2
 Plaintiffs, one current and three former employees of St. Louis Southwestern Railway Company, filed this Title VII action alleging that the company's typing requirement of thirty-five words per minute for a stock clerk position had a disparate impact on blacks. After hearing testimony at trial, the District Court found that plaintiffs had not met their burden of proving that the requirement had a racially discriminatory impact. Plaintiffs appeal.
 
 
 3
 In a disparate impact case, a plaintiff must first make a prima facie showing that a specific employment practice has a disparate impact upon a protected group. See Bradley v. Pizzaco of Nebraska, Inc., 939 F.2d 610, 612-13 (8th Cir. 1991), cert. denied, 112 S. Ct. 933 (1992); see also Fisher v. Transco Servs.-Milwaukee, Inc., 979 F.2d 1239, 1244-45 (7th Cir. 1992).
 
 
 4
 We review district court findings of fact for clear error. Fed. R. Civ. P. 52(a); Anderson v. City of Bessemer City, 470 U.S. 564, 573 (1985). After reviewing the record, including the trial transcript, we conclude the District Court did not clearly err in finding that plaintiffs failed to meet their initial burden of proof. Because plaintiffs did not make their prima facie case, the burden did not shift to defendant for rebuttal, and the District Court did not err in not addressing pretext. See Fisher, 979 F.2d at 1245 n.4.
 
 
 5
 Any error that may have occurred as to the taking of judicial notice was harmless, because it had no bearing on plaintiffs' failure to make a prima facie case.
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas